IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JACOB DOE,

     *Plaintiff*,

     v.

HEIDI M. ANDERSON, *et al.*,

     *Defendants*.

Civil No.: 1:26-cv-00893-JRR

## <u>ORDER</u>

Pending before the court is Plaintiff Jacob Doe's[1] Motion and Memorandum for Remand to State Court (ECF No. 11; the "Motion to Remand"). No hearing is necessary. Local Rule 105.6 (D. Md. 2025). For the reasons set forth below, the Motion to Remand will be granted.

On March 3, 2026, Defendants Heidi M. Anderson, Jason Casares, Alexandra Ginta Martin, Cecilia Rivera, and the University of Maryland Eastern Shore[2] (collectively, the "Defendants") initiated the present action by filing a Notice of Removal from the Circuit Court for Somerset County, Maryland. (ECF No. 1.) Defendants premised removal on federal question jurisdiction (28 U.S.C. § 1331) because the Complaint filed by Plaintiff in state court (ECF No. 5) included several federal causes of action. (ECF No. 1 ¶ 2.)

On March 6, 2026, Plaintiff filed a Motion to Remand on the grounds that this court lacks subject-matter jurisdiction over this action because Plaintiff filed an amended complaint in the state court on the same day (which he attached as a supplement to the Motion to Remand at ECF No. 12), removing all federal causes of action and leaving only state law claims. (ECF No. 11 at

---

[1] The court notes that Plaintiff is proceeding by pseudonym, although he has not filed a motion seeking leave to proceed by pseudonym in this court.

[2] Defendants' Notice of Removal incorrectly identifies University of Maryland Global Campus as a named Defendant and properly list University of Maryland Eastern Shore as a named Defendant in subsequent papers.

pp. 1–2.)  Defendants filed a response in opposition to the Motion to Remand asserting that Plaintiffs filing of an amended complaint in state court after Defendants removed the action was procedurally improper because the state court was divested of jurisdiction after removal pursuant to 28 U.S.C. ¶ 1446(d).[3]  (ECF No. 13.)  On March 11, 2025, Plaintiff filed an Amended Complaint in this court (ECF No. 14) as well as a reply to Defendant's response (ECF No. 15), arguing that the filing of the Amended Complaint in this court divests the court of subject-matter jurisdiction because no federal question remains.

Under 28 U.S.C. § 1441(a), a party may remove a "civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a). "Under the removal statute, 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant' to federal court." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (quoting 28 U.S.C. § 1441(a)).  Removal jurisdiction raises "significant federalism concerns," *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109 (1941)), and therefore federal courts must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson v. Phillip Morris Inc.*, 950 F. Supp. 700, 702 (D. Md. 1997) (citations omitted).  "The party seeking to remove a case to federal court has the burden of demonstrating federal jurisdiction." *Pressl v. Appalachian Power Co.*, 842 F.3d 299, 302 (4th Cir. 2016) (citing *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004)).  "If federal jurisdiction is doubtful, a remand is necessary." *Id.* (quoting *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994)).  "If at any time before

---

[3] 28 U.S.C. ¶ 1446 provides in relevant part that once removal is effected, "the State court shall proceed no further unless and until the case is remanded."  28 U.S.C. ¶ 1446(d).

final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The court must have subject-matter jurisdiction either based on a federal question or diversity of citizenship. *See* 28 U.S.C. §§ 1331, 1332(a)(1). Defendants invoke this court's jurisdiction pursuant to 28 U.S.C. § 1331.[4] Pursuant to federal question jurisdiction, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "To determine whether a case 'arises under' federal law for the purposes of establishing federal question jurisdiction," courts follow "the well-pleaded complaint rule" that "jurisdiction exists 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Pressl v. Appalachian Power Co.*, 842 F.3d 299, 302 (4th Cir. 2016) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "It is not enough that there may be a defense grounded in federal law or that the complaint anticipates and rebuts such a defense." *Id.* (citing *Caterpillar*, 482 U.S. at 392–93).

"When a district court has jurisdiction over a federal claim under 28 U.S.C. § 1331, it also has supplemental jurisdiction over related state-law claims." *Kovachevich v. Nat'l Mortg. Ins. Corp.*, 140 F.4th 548, 556 (4th Cir. 2025). 28 U.S.C. § 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original

---

[4] Here, Defendants only assert that the court has subject-matter jurisdiction over this action based on a federal question pursuant to 28 U.S.C. § 1331. (ECF No. 39 ¶ 6.) Pursuant to 28 U.S.C. § 1332, federal district courts also have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[,]" also known as "diversity jurisdiction." 28 U.S.C. § 1332(a)(1). There can be no diversity jurisdiction in this case. Defendant University of Maryland Eastern Shore is "an alter ego of Maryland and, therefore, is not a 'citizen' for purposes of diversity jurisdiction under 28 U.S.C. § 1332." *Maryland Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 256 (4th Cir. 2005) (finding that the University System of Maryland is composed of numerous campuses, including the University of Maryland Eastern Shore); *see also Moor v. Alameda County*, 411 U.S. 693, 717 (1973) (holding that "a State is not a 'citizen' for purposes of the diversity jurisdiction.")

jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." "Section 1367 contemplates that when an amended complaint is filed, the jurisdictional basis for the suit is reviewed anew. If nothing in the amended complaint now falls 'within [the federal court's] original jurisdiction,' then neither does anything fall within the court's 'supplemental jurisdiction.'" *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 34 (2025) (quoting 28 U.S.C. § 1367(a)).

As set forth above, Plaintiff filed an Amended Complaint in this court on March 11, 2026 (ECF No. 14), pursuant to Federal Rule of Civil Procedure 15(a). Under Rule 15(a), "[a] party may amend its pleading once as a matter of course" within 21 days of serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). Here, Defendants did not file a responsive pleading to Plaintiff's original Complaint. Although the parties have not addressed when service of the original Complaint was executed, Exhibit 18 attached to Defendants' Notice of Removal reflects that a summons was returned executed for Defendant Cecilia Rivera on February 25, 2025 and filed with the Circuit Court for Somerset County on February 27, 2026. (Ex. 18, ECF No. 1-19.)[5] Therefore, Plaintiff filed the Amended Complaint in this court within the time period set forth in Rule 15(a).

On its face, Plaintiff's Amended Complaint, now the operative complaint, lacks allegations that create federal subject-matter jurisdiction, as Counts 1–9 include only claims under state law. (ECF No. 14 ¶¶ 157–252.) Accordingly, Defendants' argument that the filing of an amended complaint in state court after removal was procedurally improper is now moot. The fact that

---

[5] The court may take judicial notice of matters in the public record and publicly available information on state and federal government websites. *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (quoting *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)); *United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017).

Plaintiff filed his Motion to Remand prior to filing the Amended Complaint in this court is of no consequence because the court looks to the operative complaint to determine whether jurisdiction is proper.  Moreover, Defendants do not dispute that the Amended Complaint, which asserts only state law claims, would divest this court of subject-matter jurisdiction.  As nothing in the Amended Complaint falls within the court's original jurisdiction, Plaintiff's state law claims do not fall within the court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) and the court lacks subject-matter jurisdiction over this action.[6]  *See Royal Canin*, 604 U.S. at 34.

Accordingly, it is this 12th day of March 2026, hereby,

**ORDERED** that Plaintiff's Motion to Remand (ECF No. 11) shall be, and is hereby, **GRANTED**; and further it is

**ORDERED** that this action is **REMANDED TO THE CIRCUIT COURT FOR SOMERSET COUNTY, MARYLAND**; and further it is

**ORDERED** that Madam Clerk shall **CLOSE** this case.

/S/

_____
Julie R. Rubin
United States District Judge

---

[6] Because the court lacks subject-matter jurisdiction over this action, it does not address Plaintiff's Motion for a Preliminary Injunction at ECF No. 6 and the responses thereto.